### WEINKRANTZ v. CALLAHAN.

(Supreme Court, Appellate Term. July 2, 1900.)

LANDLORD AND TENANT—NEGLIGENCE—LEAKY ROOF—CAUSE OF LEAK—EVIDENCE—SUFFICIENCY—ORDINARY CARE.

Where the origin of a leak in a roof which flooded the store of a tenant is not shown, and the only evidence of particular conditions existing shows that ice formed in connection with timber in a structure erected by the tenant on the roof close to the mouth of the drain pipe, and choked the same up, and that water, apparently confined by failure of the drain pipe to work, flowed off when such timber and ice were chopped away, a finding that such damage resulted from negligence of the landlord is unsupported.

Appeal from municipal court, borough of Manhattan, Second district.

Action for damages by Samuel Weinkrantz against John Callahan. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Alfred Steckler, for appellant.

Benjamin F. Fenier, for respondent.

PER CURIAM. We are of the opinion that the evidence was insufficient to support the finding of the court below that the injuries complained of were the result of negligence on the part of the defendant. Assuming that a duty rested upon him to take care of the roof in question, the defendant was not an insurer, but was bound only to the exercise of ordinary care; and it is not shown that the leak which caused the damage was due to any defect which, in the exercise of such care, the defendant should have remedied. What the origin or specific cause of the leak may have been, the plaintiff does not specifically show. It does appear, however, from the proofs offered by the defendant, that the plaintiff had erected for his own convenience upon the roof in question a structure which was used for drying his family wash, and that a part of the same was placed close to the mouth of the drain hole in the roof which was provided for the purpose of draining off the water falling thereon. The carpenter who put it up testified that he did so in such a way "that it would not interfere with the flowing off of the water." However this may have been, as soon as the flooding of plaintiff's store beneath was discovered, the defendant's wife and one Ghiold, who was a tenant in the building, went together on the roof, and found there a mass of snow and water of considerable depth, apparently confined there by a failure of the drain pipe to work. On closer examination it was found that, in connection with the timber above mentioned, ice had formed about the mouth of the drain pipe, which choked it up so that the water would not flow off. They chopped away the timber at the place in question, and removed the ice, whereupon the accumulation of water upon the roof flowed away through the drain pipe. This is the only evidence in the case with respect to the particular conditions which existed at the time the leak took place, and we are unable to discover that they indicate any negligence on the part of the defendant.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.